Singh v. Garland

BIA
Christensen, IJ
A208 419 125

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-three.

PRESENT:
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

MANDEEP SINGH,
> *Petitioner*,

v.                                                            **21-6223**
                                                              **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Dalbir Singh, Dalbir Singh & Associates, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mandeep Singh, a native and citizen of India, seeks review of a March 19, 2021, decision of the BIA affirming an August 17, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mandeep Singh*, No. A208 419 125 (B.I.A. Mar. 19, 2021), *aff'g* No. A208 419 125 (Immig. Ct. N.Y. City Aug. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

2

Accordingly, we review an adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). We treat Singh's challenge to the agency's adverse credibility determination as exhausted because the BIA considered that determination despite Singh's failure to adequately challenge it in his brief on appeal. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."

*Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

In this case, substantial evidence supports the agency's determination that Singh was not credible as to his claim that Dera Sacha Sauda members attacked him on account of his Sikh faith and refusal to join their religious organization. The agency reasonably relied on the following record inconsistencies: (1) Singh testified inconsistently regarding whether he knew the individuals who rescued him from his attackers and took him to the doctor, (2) his father's and neighbor's statements that he knew his rescuers conflicted with Singh's final testimony that he did not know them, (3) Singh's testimony that only his father accompanied him to the police station was inconsistent with his friend's affidavit stating that the friend had accompanied Singh, (4) his testimony that he told only his family and the police about the attack was inconsistent with his village leader's affidavit that Singh told him about the attack, and (5) Singh's application and testimony were inconsistent regarding how long he lived in Delhi after fleeing his village. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude

4

even more forcefully."). Singh did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Contrary to Singh's argument, the agency did not err in relying on direct inconsistencies between Singh's statements and witness statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In addition to the inconsistent witness statements, the agency reasonably declined to credit a letter purportedly from the medical clinic where Singh was treated because it was not contemporaneous with his treatment and the clinic's name was spelled inconsistently on the document. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the

agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

The inconsistencies and lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 165–66; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of all relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

6